*C. E. Sutton,* contra.

---

### 16454.   POWELL v. FOWLER & SON.

Allegations in a petition for certiorari not verified by the magistrate's answer can not be considered either by the superior or the appellate court. *Cochran* v. *Anderson,* 30 *Ga. App.* 427 (1) (118 S. E. 450). And when the answer not only fails to verify the material allegations of the petition, but substantially denies them, and is so meagre and incomplete that this court can not intelligently consider the case, the judgment of the superior court overruling the certiorari must stand. Furthermore, "If the amount in controversy is fifty dollars or less, and there is a dispute about the facts, there must be an appeal to a jury in the justice's court, before the case can be carried by certiorari to the superior court." *Toole* v. *Edmondson,* 104 *Ga.* 783 (31 S. E. 25).

DECIDED JULY 14, 1925.

Certiorari; from Wheeler superior court—Judge Graham. March 31, 1925.

*W. B. Kent,* for plaintiff in error.

*Burch & Ennis,* contra.

LUKE, J.   The record in this case is most unsatisfactory. In the first place, the affidavit of illegality does not appear, in form

or substance, either in the magistrate's answer or in the papers sent up by him. Again, the only mortgage appearing in the record is one for $45, whereas the foreclosure affidavit recites that a mortgage for a different amount is being foreclosed. Furthermore, instead of verifying the evidence as set out in the petition for certiorari, which shows an undisputed state of facts, the magistrate's answer discloses a sharp conflict in the evidence. From an examination of the entire record it appears that this answer is inaccurate; and certainly it is not full enough. However, it was not traversed or excepted to, and this court is bound to take it just as it is, and it shows that the remedy of the plaintiff in error was an appeal to a jury in the justice's court, the amount involved being less than fifty dollars. The certiorari was properly overruled.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*